WESLEY HANCOCK et al. *v.* M. H. BRAND et al.

**Pleadings — Preparation.**

A judgment rendered in a cause submitted before preparation for trial will, on that account, be reversed and remanded to the lower court for further preparation.

APPEAL FROM CAMPBELL CIRCUIT COURT.

March 6, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The service of process on Morris as stated in the affidavits filed is admitted by appellants, and by section 87, Civil Code, will be deemed an actual service of process on him.

But, by an amended petition, Permilia Simmons, Lorenzo D. Hancock, Thomas Hancock, P. Woodruff, and Mary E. Woodruff are made defendants, and, according to the allegations of said amendment, they are proper parties to the action, as the heirs of a portion of the devisees of Henry Smith, deceased, from whom the title to the land is attempted to be derived. There was no actual service of process on them; and although it is shown by an affidavit of one of the attorneys of the appellee, Brand, that they were nonresidents, no warning order or traverse is taken against them, no attorney appointed to defend for them, and no bond executed as required by section 440, Civil Code.

The amended petition alleges that Henry Smith disposed of the land by will and appellee proceeded to trial without producing a copy of said will which was made an exhibit in his petition, and without offering any evidence of the alleged partition of the land between Mullins and Daniel, or showing by any proof, whatever, that the devisees of Smith had parted with the title to the land, or had been paid for the same. But on account of the defects in the preparation of the cause herein suggested, it was

not in a condition to be heard when it was submitted. Payne *v.* Witherspoon, 14 B. Mon. 270.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.